**In the Matter of UITERWYK CORPORATION, et al., Debtors.**

**Bankruptcy No. 83–166.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

July 24, 1987.

---

9. *Id.,* 4(c).

Cindy L. Turner, Don Stichter, Stichter & Riedel, P.A., Tampa, Fla., for debtors.

R. Nathan Hightower, McMullen, Everett, Logan, Marquardt & Cline, P.A., Clearwater, Fla., co-counsel for Thurmond Supply Co., Inc.

Gloria F. Tabor, Houston, Tex., for Thurmond Supply Co., Inc.

## MEMORANDUM DECISION

A. JAY CRISTOL, Bankruptcy Judge.

This matter came on to be heard on August 7, 1986 upon the debtor, Uiterwyk Corporation, objection to a proof of claim filed by Thurmond Supply Company, Inc., in the amount of $5,136.22.

The debtor is a corporation that acts as general agent for a number of different shipowners. One of those owners is a company called Uiterwyk Lines, Ltd. Throughout the period from August 1982 through November 1982, the claimant, Thurmond Supply Company, Inc., supplied ships owned by Uiterwyk Lines, Ltd. with various goods ordered by its agent, Uiterwyk Corporation, totalling $5,136.22. Pursuant to its standard procedures of documenting its sales to the various ships, the claimant prepared detailed invoices indicating the date of sale, name of the ship, country of registry, owner of ship, and the agent of the shipowner.

In each of these invoices, the claimant clearly identified Uiterwyk Lines, Ltd. as the shipowner and Uiterwyk Corporation, as the shipowner's agent. Subsequent to execution of these sales, the debtor-agent filed for protection under chapter 11 of the United States Bankruptcy Code. The claimant now seeks to impose liability upon the debtor-agent based on the theory of undisclosed principal.

The general rationale behind undisclosed principal theory is that one who acts as an agent for a third party in executing a contract, is personally liable thereon, if at the time of making the contract, he does not disclose his agency and the identity of his principal, notwithstanding his authority as agent to execute the contract. 3 Am. Jur.2d, Agency § 317. The restatement of the law of agency defines the distinctions between a disclosed and undisclosed principal as follows:

"(1) If, at the time of a transaction conducted by an agent, the other party thereto has notice that the agent is acting for a principal and of the principal's identity, the principal is a disclosed principal.

. . . . .

(3) If the other party has no notice that the agent is acting for a principal, the one for who he acts is an undisclosed principal."

*Restatement (Second) of Agency* § 4 (1957).

The comment to § 4 goes on to state:

"The other party has notice of the existence or identity of the principal if he knows, has reason to know, or should

know of it, or has been given a notification of the fact."

*Restatement (Second) of Agency* § 4. Comment a. (1957)

█ The court, in this case, finds the debtor sufficiently disclosed the name and identity of its principal and that the claimant knew it was dealing with an agent for a disclosed principal. The claimant is an experienced supplier of ships and aware of the widespread custom in the shipping industry for agents to procure goods for their shipowner principals. The claimant's own invoices support this assertion because they contain separate spaces for indicating the ship's name, owner, and agent. Moreover, the claimant in preparing the invoices pursuant to its sales to the shipowner, clearly illustrated its awareness of the disclosed agency relationship by indicating Uiterwyk Lines, Ltd. as the shipowner and Uiterwyk Corporation, as the shipowner's agent.

In addition, the court would note that in cases involving commercial shipping agents, Federal courts have indicated that based on industry custom and maritime usage, those who deal in maritime commerce should be charged with an awareness of a ship's ownership when an agency relationship is indicated and a principal is identified as the owner of a named vessel. See e.g. *Valkenburg, K-G v. S.S. Henry Denny*, 295 F.2d 330 (7th Cir.1961); *Tubos DeAcero De Mexico, S.A. v. Dynamic Shipping, Inc.*, 249 F.Supp. 583 (S.D.N.Y. 1966); *Instituto Cubano de Estavilizacion del Azucar v. The S.S. Theotokos*, 155 F. Supp. 945 (S.D.N.Y.1957). The court finds the claimant in the instant case was aware of the customs in the industry and possessed sufficient information to know the debtor was merely acting as an agent for an identified prinipal when it supplied goods to the ships owned by Uiterwyk Lines, Ltd.

The court recognizes that in proceedings brought before the Federal Maritime Commission, the Commission indicated a higher degree of liability toward a shipowner's agent, notwithstanding the concepts under general agency law. See e.g. *Harrington & Company, Inc. and Palmetto Shipping & Stevedoring Company, Inc. v. Georgia Ports Authority*, Case No. 85–20, Federal Maritime Commission, January 16, 1986; *West Gulf Maritime Association v. Port of Houston Authority, et al.*, 21 F.M.C. 244 (1978), affirmed sub nom *West Gulf Maritime Ass'n v. F.M.C.*, 610 F.2d 1001 (D.C.Cir.1979), cert. denied 449 U.S. 822, 101 S.Ct. 81, 66 L.Ed.2d 24 (1980).

However, these cases primarily dealt with an agent's liability for port charges when it was found that by either the prior course of conduct, normal business practice, or continuing and voluntary use of the facility, the agent had implicitly and separately agreed to be personally liable for such charges. Furthermore, the Commission found the agents to be "users" of the port facilities and, therefore, the imposition of liability for port charges would not violate the standards set forth by the Supreme Court in *Volkswagenwerk v. Federal Maritime Commission*, 390 U.S. 261, 88 S.Ct. 929, 19 L.Ed.2d 1090 (1968).

Nevertheless, the court finds the facts in this case clearly distinguishable from the cases addressed by the Federal Maritime Commission and is not persuaded that the debtor-agent's conduct in the instant case gives rise to the assumption of personal liability on behalf of its principal, Uiterwyk Lines, Ltd., for goods supplied to the ships of Uiterwyk Lines, Ltd.

It is, therefore, ORDERED that the objection of the debtor to the claimant's proof of claim is sustained.